IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL G. PETERS, INMATE #551534, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. H-15-2762 |
| TRACY GILBERT, | § § § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

The plaintiff, Michael G. Peters, is an inmate in custody at the Montgomery County Jail. Peters has filed a civil action for damages against a witness who testified against him during a criminal proceeding that resulted in his conviction. Because he is incarcerated, the court is required to scrutinize the pleadings and dismiss the complaint in whole or in part if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A. After reviewing all of the pleadings as required, the court concludes that this action will be dismissed for reasons that follow.

I. **Background**

Peters is currently incarcerated in the Montgomery County Jail as the result of a recent conviction in cause number 14-08207-CR.[1] A jury convicted Peters of unlawful harassment or retaliation and sentenced him to serve 35 years' imprisonment.[2] The defendant, Tracy Gilbert, testified against Peters at his trial.[3]

Peters contends that he is actually innocent and that Gilbert committed perjury during her testimony.[4] Peters seeks damages in the amount of more than $1 billion.[5] Peters also demands that Gilbert admit that she lied and that she be sentenced to one year of community service or one year in jail.[6]

II. **Discussion**

As an initial matter, the court notes that Peters styles his Complaint as a "Writ of Habeas Corpus for Civil Suit."[7] Peters does not seek relief in the form of release from confinement. See, e.g., Preiser v. Rodriguez, 93 S. Ct. 1827 (1973) (explaining that

---

[1] Writ of Habeas Corpus for Civil Suit ("Complaint"), Docket Entry No. 1, pp. 2, 3.

[2] Id.

[3] Id. at 1-3.

[4] Id.

[5] Id. at 4.

[6] Id.

[7] Id. at 1.

the writ of habeas corpus is the appropriate federal remedy for a prisoner challenging the "fact of confinement"). Under a "bright-line rule" adopted by the Fifth Circuit if a favorable determination would not automatically entitle the prisoner to accelerated release from confinement, the proper vehicle for his claims is a civil action under 42 U.S.C. § 1983. Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997) (citation omitted).

Peters' civil action against Gilbert will be dismissed because it is well established that a witness has absolute immunity for testimony given in a judicial proceeding. See Briscoe v. LaHue, 103 S. Ct. 1108, 1113-14 (1983) (noting that under common law witnesses were absolutely immune from subsequent damages for their testimony in judicial proceedings "even if the witness knew the statements were false and made them with malice"); Enlow v. Tishomingo County, Mississippi, 962 F.2d 501, 511 (5th Cir. 1992) ("Witnesses, including police officers, are . . . shielded by absolute immunity from liability for their allegedly perjurious testimony.").

The allegations outlined in the Complaint stem entirely from Gilbert's testimony against Peters in open court. Therefore, she is entitled to absolute immunity from suit in this instance. See Rodriguez v. Lewis, 427 F. App'x 352, 353 (5th Cir. 2011) (citation omitted). Because Gilbert is absolutely immune from suit, she is immune from damages as well. Id. (citing Disraeli v. Rotunda, 489

F.3d 628, 631 (5th Cir. 2007) (noting that absolute immunity denies all remedies to an individual); <u>Hulsey v. Owens</u>, 63 F.3d 354, 356 (5th Cir. 1995) (holding that absolute immunity is immunity from suit rather than simply a defense against liability). As a result, the court will dismiss the Complaint as legally frivolous for seeking monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915A(b).

### III.  <u>Conclusion</u>

Based on the foregoing, the court **ORDERS** as follows:

1. Officials having custody of Michael G. Peters are **ORDERED** to deduct funds from his inmate trust account and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

2. The plaintiff's Complaint (Docket Entry No. 1) is **DISMISSED with prejudice** as legally frivolous.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties.  The Clerk will also provide a copy of this Order by regular mail, facsimile transmission, or e-mail to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on this 1st day of October, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE